TRIVELLA & FORTE, LLP
*Attorneys for the Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605
(914) 949-9075

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY
D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC       Case No.: 16-CV-3116
HERBST, DENISE RICHARDSON, and THOMAS
CORBETT as Trustees and fiduciaries of the Local 282    **COMPLAINT**
Welfare Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick Leave Trust
Fund,

                              Plaintiffs,

        -against-

LR SAFETY CONSULTANTS & CONSTRUCTION
SERVICES, LLC,

                             Defendant.
-------------------------------------------------------------------------x

      Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, ("Funds"), for their Complaint, by their attorneys Trivella & Forte, LLP, allege as follows:

## INTRODUCTION

      This is an action by the Trustees and fiduciaries of employee benefit plans for injunctive and monetary relief, plus interest, liquidated damages, attorneys' fees and costs under Sections

1

502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq*. ("MPPAA"), and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.  This action arises from the failure and refusal of Defendant LR Safety Consultants & Construction Services, LLC, ("LR SAFETY") to: (1) remit payment of contributions, plus interest and liquidated damages; (2) remit interest for late-paid contributions; (3) pay administrative expenses resulting from dishonored checks; (4) pay attorneys' fees and costs incurred by the Funds in seeking to collect these amounts and in prosecuting this action; (5) submit remittance report to the Funds, as required by ERISA, the Trust Agreement governing the Funds, and the applicable collective bargaining agreement; and (6) pay other amounts which, upon information and belief, become due and payable during the pendency of this litigation.

## JURISDICTION AND VENUE

1.	This Court has jurisdiction over this action pursuant to Sections 502(e), 502(f), 515 and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1145, and 1451(c).

2.	Venue lies in this District pursuant to Sections §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Funds are administered in this District, and Defendant's place of business is located in this District.

## PARTIES

3.	Plaintiffs are Trustees and fiduciaries of the Funds and, collectively, are the "plan sponsor" within the meaning of Section 3(l6)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(2 1)(A).

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37) with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

5. The Funds are jointly administered by a Board of Trustees, with equal representation of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. The Funds were established pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282 ("Local 282" or "Union"), a labor organization representing workers in an industry affecting commerce, and various employers, including LR SAFETY, which are required to make contributions to the Funds on behalf of their workers covered by the collective bargaining agreements.

7. The Funds are maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), which is incorporated by reference into the collective bargaining agreements. The Funds provide various pension, health and welfare, annuity, job training, vacation and sick leave, and legal services benefits to covered workers, retirees and their dependents.

8. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

9. Upon information and belief, LR SAFETY at all times relevant to this action was and is, a New York domestic limited liability company located, doing business, and having its principal place of business at 600 Pine Hollow Road, Apt. 10-1A, East Norwich, New York 11732.

10. LR SAFETY at all relevant times was and is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIMS

The Collective Bargaining Agreement, the Trust Agreement and
the Obligations to Contribute to the Funds

11. At all relevant times, LR SAFETY was a signatory to two collective bargaining agreements with the Union (the "CBAs"): (1) The Nassau/Suffolk Heavy Construction & Excavating and Asphalt Industry Contract dated July 1, 2011 through June 30, 2016, signed on or about June 26, 2014 with LR SAFETY effective date 5/19/14. (2) The General Contractors Association of New York NYC Heavy Construction & Excavating collective bargaining agreement, in effect July 1, 2012 through June 30, 2016, as modified by the Metropolitan Truckers Association and Independent Trucker's Contract "Plant and Light Construction Work" provision.

12. At all relevant times, LR SAFETY agreed to be bound by the Trust Agreement, which is incorporated by reference into the CBAs.

13. The CBAs state LR SAFETY is bound to the Trust Agreement.

14. At all relevant times, the CBAs require employers, including LR SAFETY, to submit remittance reports to the Funds which identify the employees who performed work covered by the CBAs and to state the number of hours each such employee worked in covered employment.

15. Along with the remittance reports, the CBAs also require employers, including LR SAFETY, to remit contributions to the Funds on behalf of all employees who performed work covered by the CBAs, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBAs.

16. Article IX, Section 1(e) of the Trust Agreement further provides that an employer who fails to submit the required remittance reports and/or pertinent books and records within twenty days of written demand must pay an increased monthly contribution, which is computed by first adding 10% to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) remittance reports submitted by the employer (hereinafter referred to as the "base month"). This Trust Agreement section further provides in the event that an audit discloses unreported hours for the base month, the amount of said unreported hours plus 10% thereof shall be added to arrive at the total number of covered hours. If there is no base month because there are no previous remittance reports or audit reports, then the employer shall be deemed to have the number of employees that the Union reports in writing that the employer is employing, with each employee deemed to have worked 40 hours per week for the entire unreported period. Once a total number of covered hours is arrived at by the above-described methods, it is multiplied by the current contribution rates to arrive at the employer's liability for monthly contributions.

17. The Trust Agreement provides that if the employer fails to remit contributions by the date due, the employer is liable to the Funds for: (i) the delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the date when payment was due to the date when payment was made; (iii) an amount equal to the greater of (a) the amount of interest charged on the unpaid contributions, or (b) liquidated damages in the form of 20 percent of the unpaid contributions; and (iv) the Funds' attorneys' fees and costs.

18. Article IX, Section 4 of the Trust Agreement, with the sanction of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce

an employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make contributions to the Funds.

19. Article IX, Section 3 of the Trust Agreement, with the sanction of Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), requires payment of interest on unpaid contributions at the rate of 1.5 percent per month from the date the payment was due until it is received.

20. Article IX, Section 3(c) of the Trust Agreement, with the sanction of Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), requires payment of additional damages equal to the greater of the amount of interest charged on the unpaid contributions or liquidated damages in the form of 20 percent of the unpaid contributions.

21. Article IX, Section 3(a) of the Trust Agreement, with the sanction of Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires payment of attorneys' fees incurred in collection actions, whether a suit has been filed or not, equal to the actual amount billed to the Trustees by their counsel for work performed in connection with the matter.

22. Pursuant to Article IX, Section 3, as amended, interest on unpaid contributions is calculated at the rate of 1.5 percent per month. Interest accrues from the first day of the month when the contributions are due until the date payment is received.

**Unpaid Contributions**

23. The CBAs require LR SAFETY to submit remittance reports and remit contributions for all pay periods on a weekly basis.

24. For the months April and August 2015, and January 2016, LR SAFETY submitted Funds remittance reports, self-reporting $92,092.39 in contributions and failing to remit payment of the contributions owed.

6

25. The Funds demanded payment of the unpaid contributions.

26. To date LR SAFETY has failed and refused to pay the unpaid contributions and they remain due and owing, plus interest and liquidated damages.

**Late-Paid Contributions**

27. LR SAFETY also failed to make all payments in a timely matter.

28. As a result of LR SAFETY's untimely payments, the Funds are entitled to late-payment interest as provided for in the Trust Agreement.

29. LR SAFETY submitted contributions late for the periods, *inter alia*, March 31, 2014 through November 1, 2015 inclusive.

**Failure to Submit Remittance Reports**

30. The Trust Agreement requires employers to submit remittance reports to the Funds.

31. LR SAFETY has failed to submit remittance reports for the weeks ending February 5, 2016 through the present.

32. The Funds demanded the missing remittance reports.

33. To date, LR SAFETY has failed and refused to submit the remittance reports, and is therefore liable for estimated contributions as determined by the methods set forth in the Trust Agreement, plus interest and liquidated damages.

**Administrative Costs for Dishonored Checks**

34. LR SAFETY checks were refused for insufficient funds and returned by the Funds' bank for payment of Funds contributions for September 2014 and October 2014.

35. As a result of the 19 dishonored checks, the Funds incurred administrative costs of $75.00 per check, or $1,425.00.

36. On February 6, 2015 the Fund Office made a written demand to LR SAFETY for reimbursement of the administrative fees.

37. LR SAFETY has failed and refused to reimburse the Funds for the administrative fees and they remain due and owing.

**Other amounts**

38. Upon information and belief, additional amounts may continue to become due and owing by LR SAFETY to the Funds during this action.

## AS AND FOR A FIRST CAUSE OF ACTION

39. Plaintiffs' repeat and reallege each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

41. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a) (3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary: (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

42. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    a. the unpaid contributions,
    b. interest on the unpaid contributions,

      c. an amount equal to the greater of-
          i. interest on the unpaid contributions, or
          ii. liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],
      d. reasonable attorney's fees and costs of the action, to be paid by the defendant, and
      e. such other legal or equitable relief as the court deems appropriate…".

43.    Injunctive relief against LR SAFETY, for its failure to submit remittance reports for February 5, 2016 to the present, is appropriate, ordering LR SAFETY to immediately submit the remittance reports and pay all of the unpaid contributions associated therewith, or alternatively, pay all estimated contributions as determined by the methods set forth in the Trust Agreement.

44.    Injunctive relief against LR SAFETY is appropriate for its failure to remit the unpaid contributions it self-reported, ordering LR SAFETY to immediately pay all unpaid Funds contributions.

45.    Injunctive relief against LR SAFETY, ordering it to immediately pay all fees incurred by the Funds, is appropriate for its failure to remit demanded administrative fees resulting from dishonored checks.

46.    The CBAs also require LR SAFETY to pay interest on the unpaid contributions from the date when payment was due to the date when payment was made, plus liquidated damages, audit costs, attorneys' fees and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

47.    LR SAFETY, by failing to submit self-reported contributions, submit remittance reports, remit payment of unpaid contributions, and remit the fees incurred by the Funds as a result of the dishonored checks submitted by LR SAFETY, has violated Section 515 of ERISA,

29 U.S.C. §1145, and is subject to the remedies of Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Trust Agreement.

## AS AND FOR A SECOND CAUSE OF ACTION

48. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

50. By failing to submit remittance reports and Funds contributions, LR SAFETY has violated the CBAs and the Trust Agreement which is incorporated into the CBAs.

51. By failing to pay administrative fees associated with the submission of dishonored checks, LR SAFETY has violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

52. By failing to pay the contributions and other amounts owing, including interest on the late paid contributions, LR SAFETY has violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

53. By failing to timely pay the contributions and other amounts owing, LR SAFETY has violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

54. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBAs and the Trust Agreement, to the unpaid contributions, interest on the late paid-contributions, interest on the unpaid contributions, liquidated damages, and attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court enter judgment:

1. Ordering LR SAFETY to: (i) submit all remittance reports due and owing and pay the estimated contributions determined by the methods set forth in the Trust Agreement in an amount to be determined at trial and through audit but in no event less than $92,092.39, plus all amounts that become due and owing during the pendency of the action; (ii) pay unpaid contributions as determined to be due by self-reported remittance forms and audits or estimated contributions plus all amounts that become due and owing during the pendency of the action; (iii) pay interest on the unpaid contributions at the rate of 1.5% per month from the date when payment was due to the date when payment was made; (iv) pay interest on the late-paid contributions at the rate of 1.5% per month from the date when payment was due to the date when payment is made; (v) pay an amount equal to the greater of the amount of interest due on the unpaid contributions or liquidated damages of 20 percent of the unpaid contributions; and (vi) pay administrative fees resulting from dishonored checks; and

2. Ordering LR SAFETY to pay the Funds their reasonable attorneys' fees and costs, in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and Article IX, Section 3(a) of the Trust Agreement, in an amount to be determined by the Court upon subsequent application by the Plaintiffs; and

3. For such other and further equitable relief as this Court deems appropriate.

Dated: White Plains, New York
June 15, 2016

               Yours, etc.,

               TRIVELLA & FORTE, LLP

               /s/ *Arthur J. Muller III*
               _____
               ARTHUR J. MULLER III
               *Attorneys for Plaintiffs*
               1311 Mamaroneck Avenue, Suite 170
               White Plains, New York 10605
               Telephone: (914) 949-9075
               Facsimile: (914) 949-4752